20523. BRANCH *et al. v.* HUMAN *et al.*

ARGUED JUNE 8, 1959—DECIDED JULY 8, 1959.

210

*O. J. Tolnas*, for plaintiff in error.

*Hawkins & Hawkins, Vane G. Hawkins, Jay D. Gardner,* contra.

HEAD, Justice. The controlling question in the present case is whether or not the defendant Clyde Human could plead his discharge in bankruptcy to avoid the lien of the judgment obtained against him within four months of his adjudication as a bankrupt, and to abate the pending action against him and the other defendants, wherein it was alleged that a transfer of property by the defendant Clyde Human was a voluntary conveyance, and made for the purpose of hindering, delaying, and defrauding creditors.

This question arises under the provisions of the National Bankruptcy Act as codified in 11 U. S. C. A. § 107. This section provides in part as follows: "(a) (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained

such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title; . . ." This provision of § 107 was formerly a part of § 67 (f) of the Bankruptcy Act of 1898.

This section also provides that transfers by a debtor within one year prior to the filing of a petition initiating bankruptcy proceedings are fraudulent as to creditors when made without a fair consideration, or when made to hinder, delay, or defraud either existing or future creditors. 11 U. S. C. A. § 107 (d) (2). For the purpose of a recovery under the above provisions, it is provided that any State court which would have had jurisdiction, if bankruptcy had not intervened, and the court of bankruptcy shall have concurrent jurisdiction. 11 U. S. C. A. § 107 (d) (7) (e).

The issue in the present case is one that has been finally settled by this court in a full-bench decision. In *Morris Plan Bank of Georgia* v. *Simmons*, 201 *Ga.* 157-173 (39 S. E. 2d 166), Mr. Chief Justice Bell, speaking for the court, cites decisions of this court and the Court of Appeals to the effect that the lien of a judgment less than four months old is void only as to the trustee in bankruptcy and those claiming under him. He also cites a number of decisions by this court and the Court of Appeals contrary to the rule stated. At page 164 it is said: "The Bankruptcy Act being a Federal statute, decisions of the United States Supreme Court construing and applying it are binding upon this court as precedents. Code §§ 1-602, 2-8501." He then cites Fischer *v.* Pauline Oil & Gas Co., 309 U. S. 294 (60 S. Ct. 535, 84 L. Ed. 764), and, on page 169, cites authority that the Fischer case is controlling, and states that it is unnecessary to overrule the conflicting decisions of this court and the Court of Appeals. It is then held: "One thing is now clear, and that is, the filing of a petition in bankruptcy followed by an adjudication does not automatically annul liens obtained within four months, so as to make them subject to collateral attack; and furthermore, such a lien *may be avoided only at the instance of the trustee in bankruptcy acting for the benefit of creditors,* or by some other person having a right as against it, under the bankruptcy act." (Italics ours.) The above ruling

was followed by the Court of Appeals in *McLean* v. *G. T. Duke Co., Inc.*, 95 *Ga. App.* 135 (97 S. E. 2d 537).

In Fischer *v.* Pauline Oil & Gas Co., 309 U.S. 294, 301, supra, it was held: "A number of state courts have held, and we think rightly, that the section [formerly 67 (f), now 107] is intended for the benefit of creditors of the bankrupt and, therefore, does not avoid liens as against all the world but only as against the trustee and those claiming under him."

In Connell *v.* Walker, 291 U. S. 1, 5 (54 S. Ct. 257, 78 L. Ed. 613), it was held: "Bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a non-bankruptcy court, to which the bankrupt is a party. Pickens *v.* Roy, 187 U. S. 177; Jones *v.* Springer, 226 U. S. 148; Straton *v.* New [283 U. S. 318], supra. This is obviously the case where the suit like the present one is brought by a creditor to set aside a fraudulent conveyance of the bankrupt, made more than four months before the petition in bankruptcy. *The right asserted is one given the creditor by state law which the Bankruptcy Act withdraws from him only upon the election of the trustee to assert the rights of the creditor,* as he is privileged to do by § 70 (e), 11 U. S. C. A. § 110 (e), an election, which, in this case, does not appear to have been made." (Italics ours.)

Under the rulings of this court in *Morris Plan Bank of Ga.* v. *Simmons*, 201 *Ga.* 157, supra, which is based on the rulings of the Supreme Court of the United States in Connell *v.* Walker, supra, and Fischer *v.* Pauline Oil & Gas Co., supra, the defendant Clyde Human could urge his discharge in bankruptcy against the lien of the judgment obtained against him only insofar as that judgment was being enforced against him as to property set aside to him under the exemption laws. The property described in the deed of Clyde Human, which is attacked as fraudulent, could not have been set aside to him by the bankruptcy court under the exemption laws; and since there was no trustee in bankruptcy appointed, and no intervention by a trustee for the benefit of creditors, it was error for the trial judge to sustain the plea of discharge in bankruptcy, and to subsequently dismiss the action for want of a proper party.

*Judgment reversed. All the Justices concur.*