CONTINENTAL CASING
CORPORATION,
Petitioner,

v.

SAMEDAN OIL
CORPORATION, Respondent.

No. C–7383.

Supreme Court of Texas.

June 1, 1988.

Rehearing Denied July 6, 1988.

---

Joe K. McGill, Seminole, Dan Patchin & Daniel J. Kasprzak, Calvin, Dylewski Gibbs, Maddox, Russell & Verner, Houston, for petitioner.

Elizabeth M. Marsh, Lynch, Chappell, Allday & Alsup, Midland, for respondent.

## PER CURIAM.

This is a summary judgment case involving the claim of a lien against mineral property under Texas Property Code sections 56.001 et seq. Samedan Oil Corporation ("Samedan") placed an order with Misco Supply Company ("Misco") for Misco to supply casing to one of its wells. Misco in turn subcontracted the job, placing an order with Continental Casing Corporation ("Continental") for it to deliver the pipe to the well. Continental delivered the pipe promptly and billed Misco.

Due to credits for returns, Misco owed Samedan thousands of dollars, which Misco had arranged for Samedan to take in "merchandise credit" against future invoices. Misco was in financial trouble and filed for Chapter 7 Bankruptcy the day before it sent the invoice for the pipe delivery to Samedan. Continental sent Samedan two letters demanding that Samedan pay for the pipe. The first letter was sent by first class mail on January 9, 1984, less than two months after delivery of the pipe. This first letter did state that if payment was not received Continental would "file necessary liens on your well," but did *not* expressly state that Continental claimed a lien on Samedan's mineral property. The second letter was mailed by certified mail only eleven days before Continental filed its lien affidavit on what would appear to have been the last day of the six month period for timely filing under Texas Property Code section 56.021(a). Samedan received and signed for this certified letter six days before the filing date. The second letter did expressly state that a lien was claimed "[p]ursuant to Tex.Prop.Code § 56.021(b)." Under section 56.021(b), the mineral subcontractor must "serve on the property owner written notice that the lien is claimed" not later than ten days before the subcontractor files the lien affidavit.

Continental sued to foreclose its lien and moved for summary judgment. Samedan responded and filed its own motion for summary judgment. Samedan claimed the lien was invalid because it had offset the pipe invoice against what Misco owed it and thus owed no debt, or alternatively because "serve" in section 56.021(b) meant actually receiving the notice was required.

Continental replied that the automatic stay of the bankruptcy made the alleged offset void, and that certified mailing was "service" by incorporation of the mechanics' and materialmen's lien statutes.

The trial court granted Continental's motion for summary judgment and denied Samedan's. The court of appeals in an unpublished opinion reversed the trial court judgment and rendered judgment for Samedan. The court of appeals wrote that "only the bankruptcy trustee had standing to challenge the postpetition transfer," and further sustained Samedan's claim that ten days' notice had not been given.

The court of appeals erred in holding that a setoff in violation of the bankruptcy automatic stay was voidable. An action taken in violation of the automatic stay is void, not merely voidable. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984); 4 Collier on Bankruptcy ¶ 553.05[2] at 553–59 (15th ed. 1987). This was error. *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979). After careful review of the record, however, we have concluded this cause presents error precluding rendition for either party in a summary judgment proceeding. The affidavit of Samedan's landman in support of its motion for summary judgment (and in opposition to Continental's) is conclusory and does not expressly state when the alleged offset was taken—before or after the filing of the bankruptcy petition. If it were validly taken before the bankruptcy petition was filed, it would be a preference that could only be declared invalid in the bankruptcy court. *Federal Deposit Insurance Corp. v. Davis*, 733 F.2d 1083 (4th Cir.1984). Also, Samedan's affidavit is vague on the issue of notice. It recites that notice expressly claiming a lien was not received sooner than ten days before the filing date for the lien affidavit, but it does not deny Samedan's having received the January 9, 1984 letter. Continental's affidavit in support of its motion for summary judgment alleged the original January 9, 1984 letter is in Samedan's possession, but does not allege any date by which Samedan received it. In a summary judgment proceeding, the non-movant is entitled to have all reasonable inferences made and all doubts resolved in its favor. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979). There are other ambiguities and deficiencies in the summary judgment record we need not expressly address. The granting of summary judgment to either party was contrary to our *Clear Creek* opinion.

As far as the sufficiency of the first notice letter and whether notice was effectively "served" when the second letter was mailed by certified mail, we note without approval or disapproval that several Texas intermediate appellate court decisions have applied the substantial compliance doctrines of the mechanics' and materialmen's lien laws to the mineral property lien statutes now codified in Texas Property Code sections 56.001 et seq. *See, e.g., Energy Fund of America, Inc. v. G.E.T. Service Co.*, 610 S.W.2d 833, 836–38 (Tex.Civ.App. —Eastland 1980), *modified sub nom. Ayco Development Corp. v. G.E.T. Service Co.*, 616 S.W.2d 184 (Tex.1981) (expressly noting the substantial compliance holding was not presented to the court); *Marathon Metallic Building Co. v. Texas National Bank of Waco*, 534 S.W.2d 743, 747 (Tex. Civ.App.—Waco 1976, no writ); *Texcalco, Inc. v. McMillan*, 524 S.W.2d 405, 407 (Tex. Civ.App.—Eastland 1975, no writ). The facts are not sufficiently developed in this summary judgment record to determine whether such a doctrine could or should apply. We decline to address the substantial compliance doctrine in the present case, since ruling on the issue would not necessarily be dispositive of this case, given the ambiguous state of the record.

Because the court of appeals' decision conflicts with *Clear Creek*, we grant Continental's application, and without hearing oral argument, a majority of the court reverses the court of appeals' judgment and remands the cause to the trial court for further proceedings. Tex.R.App.P. 133(b).