GALVESTON TERMINALS, INC., Appellant,

v.

TENNECO OIL CO., Fina Oil and Chemical Co., W.L. Payne, Individually and as Trustee for Tatsumi U.S.A. Corporation, and Tatsumi U.S.A. Corporation, Appellees.

No. 01–91–00033–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 13, 1992.

**332**

Janna Ivey, Houston, for appellant.

Jess H. Hall, Raybourne Thompson, Jr., W. Daniel Vaughn, Frank L. Heard, Houston, for appellees.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a summary judgment. We must decide whether a right of first refusal was triggered by a corporation's transfer of real estate to its subsidiary, followed by sale of the subsidiary's stock to a third person, who dissolved the

---

1. Galveston's right of first refusal included the entire estate, that is, the mineral as well as the surface estate.

2. Galveston claims the November transfer of real estate did not transfer title to the Property to TOC–Gulf because it merely stated that it transferred all property owned by Tenneco in Galveston County to TOC–Gulf, and did not

subsidiary and, thus, acquired the real estate. We hold there are fact issues that preclude summary judgment in this case. We reverse and remand for trial on the merits.

The contract that is subject to this suit is an agreement (the Agreement) that granted Galveston a right of first refusal to purchase from Tenneco a certain 14.9–acre tract (the Property). The Property is located adjacent to Galveston's facilities where Galveston plans to build a deep-water port. The relevant language of the agreement follows:

> In the event that [Tenneco] ... elects to sell all or any part of the 14.91669 acre tract [the Property] ... [Tenneco] shall first offer the tract or a part thereof to be sold to [Galveston] ... for purchase of such property upon all of the same terms and conditions as the property is being offered to any third person, firm or corporation ... [Galveston] will have Fifteen (15) days to accept the offer and failure to accept the offer (in the manner the offer was made) will be a rejection of the offer.[1]

Sometime in 1988, Tenneco formed TOC–Gulf Coast Inc. (TOC–Gulf), a wholly owned, corporate subsidiary. In the summer of 1988, Tenneco invited bid proposals for the sale of stock of Tenneco, TOC–Gulf, and other subsidiaries. On October 7, 1988, Tenneco and Fina executed a stock purchase agreement for the sale of TOC–Gulf. At the time of the stock purchase agreement, the title to the Property was still in Tenneco. On November 3, 1988, Tenneco contends it transferred the Property, along with other real estate, to TOC–Gulf as part of an inter-company contribution of capital, effective June 30, 1988.[2] In the November 3 deed to TOC–Gulf, Tenneco reserved the mineral rights to the Prop-

---

identify the Property with any details. Galveston argues that Tenneco did not transfer the Property to TOC–Gulf until September 1, 1989, when it executed a "conveyance" of the Property to TOC–Gulf. In the September 1, 1989, conveyance, it states that the Property was excluded from the November 3 transfer by omission.

erty.[3] In exchange for the transfer of the surface estate, Tenneco received 100% of the shares from TOC–Gulf.

On November 8, 1988, Tenneco sold the TOC–Gulf stock to Fina. Five months later, on May 31, 1989, Fina as the sole shareholder, dissolved TOC–Gulf, and received the Property as a "liquidating dividend." On September 1, 1989, three months after TOC–Gulf was dissolved, Tenneco executed another transfer of the Property to TOC–Gulf.

On April 6, 1990, Fina entered into an earnest money contract with Payne, as trustee for Tatsumi, for the sale of the Property. On May 21, Fina gave Galveston a written notice that Fina had accepted Tatsumi's offer and Galveston had 15 days to exercise its right of first refusal. Galveston did not exercise its right of first refusal. Fina delivered a warranty deed to Tatsumi on June 8, 1990.

Tenneco moved for summary judgment contending it was entitled to judgment for a number of reasons. The trial court granted the summary judgment for one reason only: The conveyances from Tenneco to TOC–Gulf and from TOC–Gulf to Fina did not constitute sales, and thus did not trigger the right of first refusal. Thus, unless Tenneco conclusively proved the transactions did not trigger the right of first refusal, we must reverse.

### Summary judgment burden

Summary judgment is proper for a defendant if it conclusively establishes all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The movant must show there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Id.*

In reviewing the granting of a motion for summary judgement, this Court will consider as true all the evidence that favors the non-movant. *MMP, Ltd*, 710 S.W.2d at 60; *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). We will indulge every reasonable inference in favor of the non-movant, and we will resolve all reasonable doubts in his favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Goldberg*, 775 S.W.2d at 752. If we determine that summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

### 1. When did Tenneco transfer the Property to TOC–Gulf?

■ There were two deeds conveying the Property from Tenneco to TOC–Gulf. The first deed that may have transferred the Property to TOC–Gulf was the wholesale transfer of real property by Tenneco on November 3, 1988. Tenneco contends that by this deed it transferred the Property, along with other real estate, to TOC–Gulf as part of an inter-company contribution of capital, effective June 30, 1988. Galveston claims the November 3 transfer of real estate did not transfer title to the Property to TOC–Gulf because it merely stated that it transferred all property owned by Tenneco in Galveston County to TOC–Gulf, and did not identify the Property with any detail. Galveston argues that Tenneco did not transfer the Property to TOC–Gulf until September 1, 1989, when it executed a conveyance of the Property to TOC–Gulf. In the September 1, 1989, conveyance, Tenneco as the grantor, stated that the Property was excluded from the November 3 transfer by an omission. Thus, by Tenneco's own admission, we have a fact issue whether the Property was conveyed to TOC–Gulf on November 3, 1988 or on September 1, 1989. If the Property was not conveyed to TOC–Gulf until September 1,

---

**3.** Tenneco also reserved the mineral rights in the September 1, 1989, conveyance. We note that Galveston had no point of error on the issue whether the separation of the surface estate from the mineral estate triggered its right of first refusal, and we do not reach the issue.

1989, it was transferred to a corporation that was no longer in existence. In such case, the transfer of the Property was effectively made directly to Fina, without submitting it first to Galveston. Given the ambiguity of these documents, we hold Teneneco did not conclusively show there was no sale that triggered the right of first refusal.

■ In its brief filed in response to the motion for summary judgment, Galveston stated that discovery was necessary to fully develop the circumstances surrounding the creation and execution of the September 1, 1989, conveyance, and to the elements of fraud perpetrated by the defendants against Galveston in connection with the transactions among Tenneco, TOC–Gulf, Fina, and Payne as trustee for Tatsumi. We hold that these material issues of fact and Galveston's need for discovery to develop them are sufficient to preclude the granting of the summary judgment.

We hold Galveston's challenges to the summary judgment proof raised fact questions, which preclude summary judgment. *MMP, Ltd.*, 710 S.W.2d at 60.