# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-011-00029-CV

NNN Met Center 10-1, LLC; NNN Met Center 10-2, LLC; NNN Met Center 10-3, LLC;
NNN Met Center 10-4, LLC; NNN Met Center 10-5, LLC; NNN Met Center 10-6, LLC;
NNN Met Center 10-7, LLC; NNN Met Center 10-8, LLC; NNN Met Center 10-9, LLC;
NNN Met Center 10-10, LLC; NNN Met Center 10-11, LLC; NNN Met Center 10-13, LLC;
NNN Met Center 10-14, LLC; NNN Met Center 10-15, LLC; NNN Met Center 10-16, LLC;
NNN Met Center 10-17, LLC; NNN Met Center 10-18, LLC; NNN Met Center 10-19, LLC;
NNN Met Center 10-20, LLC; NNN Met Center 10-21, LLC; NNN Met Center 10-22, LLC;
NNN Met Center 10-23, LLC; NNN Met Center 10-24, LLC; NNN Met Center 10-25, LLC;
NNN Met Center 10-26, LLC; NNN Met Center 10-27, LLC; and
NNN Met Center 10-28, LLC, Appellants

v.

BACM 2005-3 Met Center Office, LLC; Mark L. Patterson; Jeffrey J. Zissa;
R. Terry Miller; E. Joe Berger, III; John A. Bain; Michael C. Elrod; Beverly A. Houston;
Juanita Strickland; Janie Mucha; LNR Partners, LLC; and
Barclays Capital Real Estate, Inc., Appellees

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. D-1-GN-10-004498, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of a temporary injunction to prevent a foreclosure of appellants' interests in an office building. The parties advise that although the property was sold at foreclosure on February 1, 2011, one appellant, NNN Met Center 10-25, LLC had filed for bankruptcy protection in the United States Bankruptcy Court for the Northern District of California shortly before the sale. Citing events in the bankruptcy proceedings, appellants have filed a

motion to abate this appeal until November 1, 2011. They attach an order from the bankruptcy court reflecting, among other things, that court's view that an automatic stay was in effect at the time of the foreclosure sale[1] and that it has extended the automatic stay until November 1 to afford the parties an opportunity to resolve the underlying dispute. In light of the automatic stay, we abate this appeal and dismiss appellants' motion as moot. *See* Tex. R. App. P. 8.

In addition to opposing abatement, appellees have moved to dismiss the appeal as moot, citing the February 1 foreclosure sale. In light of the bankruptcy stay, we may not rule on appellees' motion to dismiss. *See* Tex. R. App. P. 8.2; *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988) (state-court action taken during bankruptcy stay is void).

Any party may file a motion to reinstate the appeal if permitted by federal law or the bankruptcy court. *See* Tex R. App. P. 8.3. It is the parties' responsibility to notify the Court as soon as possible if an event occurs that would allow reinstatement. *Id.* Failure to notify this Court of a lift of the automatic stay or the conclusion of the bankruptcy proceeding may result in dismissal of the case for want of prosecution. *See* Tex. R. App. P. 42.3(b).

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Bankruptcy

Filed: May 27, 2011

_____

[1]  *See* 11 U.S.C. § 362.

2