**VACATE and DISMISS and Opinion Filed December 21, 2018**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00538-CV

**GWENDOLYN BYARS, Appellant**
**V.**
**MANUEL H. ORNELAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01578-E**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Evans, and Justice Brown
Opinion by Chief Justice Wright

This is an appeal from a forcible detainer action. By letter dated September 12, 2018, the Court questioned its jurisdiction over this appeal. We specifically questioned whether the county court's judgment was entered in violation of an occupant's bankruptcy stay and is therefore void. We instructed appellant to file a jurisdictional brief, with an opportunity for appellee to respond. Appellant complied. After reviewing the record and appellant's jurisdictional brief, we conclude the county court's judgment is void, vacate the county court's judgment, and dismiss the appeal.

**Background**

On March 16, 2018, appellee Manuel Ornelas brought suit for eviction against "all tenants & all other occupants" at 1224 Whispering Trail, Dallas, Texas 75241. The justice of the peace signed and entered a default judgment against appellants. Occupants Gwendolyn Byars, Gloria J.

Dilworth, and Brenda Fuller appealed to the county court. On April 12, 2018, the case was tried to County Court at Law No. 5.

On April 26, 2018, Cozeant Byars filed a petition for bankruptcy under chapter 13 of the Bankruptcy Code. On his voluntary petition for bankruptcy, Cozeant Byars listed 1224 Whispering Trail, Dallas, Texas 75241 as his current address.

On May 4, 2018, following a bench trial, the county court entered a final judgment awarding possession to appellee, against "[a]ll tenants, and all other occupants of 1225 Whispering Trail, Dallas, TX 75241." This Court was made aware of Cozeant Byars's bankruptcy when appellee filed his "Advice of Order Dismissing Bankruptcy" on August 22, 2018. Thereafter, we questioned the county court's jurisdiction to enter its May 4 judgment, during the pendency of the bankruptcy.

**Discussion**

The issue of whether a judgment entered in violation of the bankruptcy stay is void for lack of jurisdiction is a fundamental error that can be recognized by the appellate court, sua sponte, or raised for the first time on appeal by a party. *See* 11 U.S.C.A. § 362(a); *Houston Pipeline Co. v. Bank of America, N.A.*, 213 S.W.3d 418, 429 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Appellate court jurisdiction regarding the merits of a case extends no further than that of the court from which the appeal is taken. *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958); *Wallace v. Wallace,* 05-17-00447-CV, 2017 WL 4479653, at *3 (Tex. App.—Dallas Oct. 9, 2017, no pet.).

With one exception not applicable here, in a residential eviction proceeding, filing a bankruptcy proceeding before a judgment is rendered operates as a stay of the proceeding. 11 U.S.C.A. § 362(b)(22); *Knight v. Minter*, No. 05-11-01045-CV, 2013 WL 2107275, at *1 (Tex. App.—Dallas May 14, 2013, no pet.) (mem. op.). Any subsequent judicial actions taken against

the debtor in violation of the automatic stay are void, not merely voidable. *See Cont'l Casing Corp. v. Samedan Oil*, 751 S.W.2d 499, 501 (Tex. 1988) (per curiam).

In her letter brief, appellant agrees the county court's judgment is void because it was entered during the automatic stay resulting from Cozeant Byars' bankruptcy filing. Appellant urges this Court to reverse the county court's judgment.

Because the county court's judgment was entered against all occupants, including bankruptcy debtor Cozeant Byars, in violation of the bankruptcy stay, the county court's judgment is void for lack of jurisdiction. *See* 11 U.S.C.A. § 362(a); *Houston Pipeline Co.*, 213 S.W.3d at 429.

Accordingly, we vacate the county court's judgment and dismiss the appeal. *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied) ("If the trial court lacked jurisdiction, then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause.").

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

180538F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

GWENDOLYN BYARS, Appellant

No. 05-18-00538-CV     V.

MANUEL H. ORNELAS, Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-01578-E.
Opinion delivered by Chief Justice Wright.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the judgment of County Court at Law No. 5 is **VACATED** and the appeal is **DISMISSED**.

Judgment entered December 21, 2018.