**Motion Granted; Appeal Dismissed and Majority and Dissenting Opinions filed April 1, 2021.**



**In the**

# Fourteenth Court of Appeals

---

## NO. 14-20-00227-CV

---

### OTTO SIMMANK AND MINA SIMMANK, Appellants

**v.**

### GLEN CRONIN AND JANNA WALLACE, Appellees

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-22349**

---

### DISSENTING OPINION

Appellants previously notified this court that they filed for bankruptcy and therefore the automatic stay in bankruptcy applies. *See* 11 U.S.C. § 362(a); *see also* Tex. R. App. P. 8.2 (separate state suspension due to federal bankruptcy filing).

Without filing a motion to reinstate under Texas Rule of Appellate Procedure 8.3, appellants filed a motion to dismiss their appeal, stating "Dismissal is called for in the Order Confirming Plan of Reorganization in Cause No. 19-51435-

CAG; In Re Otto John Simmank, and Wife Mina Sue Simmank, Debtors; United States Bankruptcy Court for the Western District of Texas." Appellants did not attach a certified copy of the bankruptcy court's order or otherwise comply with Rule 8.3.

Exhibit 4 to appellants' April 30, 2020 motion to extend time to make arrangements to pay for the clerk's record and reporter's record is an uncertified order from the bankruptcy court, dated October 21, 2019, which states the following:

> **IT IS FURTHER ORDERED** that pursuant to section 362(d)(1) of the Bankruptcy Code, cause exists to modify the automatic stay, so that Movants may proceed in the case styled *Otto Simmank v. Glen Cronin, et al.*, Cause No. 2016-22349, filed in the 151st District Court of Harris County, Texas to seek relief from the Order of Dismissal and proceed with entry of a final judgment in the State Court Case.

> **IT IS FURTHER ORDERED** that once Movants obtain a judgment against Debtors, Movants will be stayed from undertaking any collection efforts against Debtors; instead, Movants will be allowed to file a claim in the above referenced Bankruptcy Case and participate in the Bankruptcy Case to obtain a recovery from Debtors on the judgment.

There appears to be no order, certified or not, from the bankruptcy court filed in this court lifting the stay for appellate proceedings. *See* Tex. R. App. P. 8.3(a). From reviewing the October 21, 2019 bankruptcy-court order (and nothing else), this appeal appears to be stayed. This court should require the parties to comply with Rule 8.3 and file a motion to reinstate that (1) reasonably explains why this court has the power to grant appellants' motion to dismiss and (2) contains the certified copies of the relevant bankruptcy court's orders. But the court does not follow Rule 8.3.

The Supreme Court of Texas has bluntly stated that "[a]n action taken in violation of the automatic stay is void, not merely voidable." *Cont'l Casing Corp. v.*

*Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988). This court has no record on which to know whether the automatic stay is in place regarding this appeal. If the stay is in effect, then the court's order is void.

As the saying goes, a void order is a void order. This court should not be issuing potentially void orders, and the Texas Rules of Appellate Procedure provide a means to prevent that from occuring.

Because the court does not require the parties to follow Rule 8.3 and resolve the bankruptcy issue, I dissent.


/s/     Charles A. Spain
        Justice


Panel consists of Chief Justice Christopher and Justices Spain and Wilson. (Wilson, J., majority.)