

**NUMBER 13-20-00221-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ROEL GARCIA,**                                                                                          **Appellant,**

**v.**

**JAVIER PRIETO GONZALEZ,**                                                              **Appellee.**

**On appeal from the 398th District Court
of Hidalgo County, Texas.**

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Silva
Order Per Curiam**

By three issues, appellant Roel Garcia appeals from an order granting a motion to dismiss filed by appellee Javier Prieto Gonzalez. We abate the proceeding and remand it to the trial court for clarification of its March 25, 2020 order of dismissal and to determine if there is a bankruptcy stay that affects the case.

# I.    BACKGROUND

On September 11, 2014, Garcia filed suit against Tri-Bar d/b/a/ Gonzalez Entertainment LLC (Tri-Bar), a dance and nightclub, alleging that he was the victim of an assault and battery at the establishment caused by Prieto, an employee of Tri-Bar. Garcia asserted claims of negligence, permissive use, respondeat superior, and principal-agent liability. On December 22, 2015, Garcia filed his first amended petition, adding defendants Prieto, Leonel De La Torre, and Rene Gonzalez as named defendants under negligence theories of liability for various acts and omissions arising out of the alleged assault. Garcia filed his second and final amended petition on March 24, 2016, adding further claims of negligence as to Rene.

On August 10, 2019, Tri-Bar filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. On September 10, 2019, Tri-Bar notified the trial court of the filing and the automatic stay imposed under the Bankruptcy Code. *See* 11 U.S.C. § 362.

On October 24, 2019, Prieto filed a motion to dismiss on the basis that he had already made a restitution payment to Garcia in exchange for Garcia's agreement to drop criminal charges. The trial court set a hearing on the motion for March 3, 2020, via Zoom. When neither party appeared for the Zoom hearing, the trial court indicated on the record that "the motion to dismiss is going to be granted." On March 25, 2020, the trial court issued a one-page order granting Prieto's motion to dismiss, stating as follows:

> On MARCH 3, 2020[,] the Court considered the Defendant's Motion to Dismiss claims and the arguments of counsel. After due consideration of the Motion, the Response thereto, evidence regarding costs and fees, and the arguments of counsel, the Court finds the motion is due to be GRANTED and orders the following:

Claims are DISMISSED, with prejudice against JAVIER PRIETO GONZALEZ[.] IT IS FURTHER ORDERED that C-7372-14-I is DISMISSED with prejudice and Attorney fees and costs in the amount of $2,500.00 is ordered to be paid by ROEL GARCIA to Cesar Omar Aguilar, attorney at law in cost to represent JAVIER PRIETO GONZALEZ.

On April 2, 2020, Garcia filed a motion for a new trial, seeking reinstatement of the case under Texas Rule of Civil Procedure 165a(3). *See* TEX. R. CIV. P. 165(a)(3). On April 6, 2020, the trial court set a hearing on the motion to reinstate for May 27, but the hearing never took place. Garcia subsequently filed a notice of appeal, characterizing the March 3, 2020 order granting Prieto's motion to dismiss as a final order.

## II.     ANALYSIS

### A.     Appellate Jurisdiction

Although no party has challenged this Court's jurisdiction, an appellate court must, even sua sponte, determine whether it has jurisdiction to hear an appeal. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Jaycap Fin., Ltd. v. Neustaedter*, No. 13-17-00680-CV, 2019 WL 6793825, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 12, 2019, no pet.) (mem. op.). But for a few limited situations not applicable in this case, we have jurisdiction only over appeals from final judgments and orders. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

If a clear, unequivocal finality phrase is included in an order, then an appellate court may not look to the record to determine whether the judgment was final and appealable. *See In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (per curiam); *see also Lehmann*, 39 S.W.3d at 206 (suggesting as a finality phrase the statement that "[t]his judgment finally disposes of all parties and all claims and is appealable"). "Instead, it must take the order at face value." *In re Elizondo*, 544 S.W.3d at 828. On the other hand, if an order granting a dispositive motion does not clearly and unequivocally dispose of all claims and parties, then an appellate court can review the record to determine whether the order nevertheless actually disposed of them all. *See id.* at 826; *Lehmann*, 39 S.W.3d at 205–06. "If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Id.* at 206; TEX. R. APP. P. 27.2.

Here, while the trial court's order includes the language that "IT IS FURTHER ORDERED that C-7372-14-I is DISMISSED with prejudice," the record reflects that Prieto was the sole defendant to file the motion to dismiss, the only defendant named in the motion, the only defendant to receive attorney's fees, and the only defendant given notice of the ruling. The order does not mention any of the other parties or claims and does not evidence the trial court's reasoning for disposition. Accordingly, we seek clarification from the trial court concerning the finality and appealability of its March 25, 2020 order of dismissal.

## B. Bankruptcy

Pursuant to § 362 of the United States Bankruptcy Code, a stay created by the filing of a bankruptcy petition is automatic and immediate and precludes "the

4

commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). "An action taken in violation of the automatic stay is void, not merely voidable." *York v. State*, 373 S.W.3d 32, 38 (Tex. 2012) (quoting *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988)).

On August 10, 2019, Tri-Bar filed its petition for relief under Chapter 7 of the United States Bankruptcy Code. On September 10, 2019, Tri-Bar notified the trial court of the automatic stay. On October 19, 2019, Prieto filed a motion to dismiss. And on March 25, 2020, the trial court ruled on Prieto's motion. The record does not indicate whether the automatic stay has been lifted or terminated, and, thus, whether the trial court's order was entered in violation of the stay. Therefore, we seek clarification from the trial court whether Tri-Bar's bankruptcy affects this case.

Accordingly, we abate the appeal and remand the cause to the trial court. On remand, the trial court is directed to (1) clarify whether it intended its March 25, 2020 order to completely dispose of all claims and all parties; and (2) determine whether Tri-Bar's bankruptcy affects this case. The trial court shall cause its findings of fact and conclusions of law on these matters to be included in a supplemental clerk's record. The supplemental clerk's record shall be filed with the Clerk of this Court within THIRTY (30) days of this order. The appeal will be reinstated upon filing of the supplemental record and on further order of this Court.

### III.   CONCLUSION

We abate the appeal and remand the case to the trial court.

PER CURIAM

Delivered and filed on the
21st day of September, 2021.