

# NUMBER 13-20-00221-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROEL GARCIA,                                                                                      Appellant,

v.

JAVIER PRIETO GONZALEZ,                                                        Appellee.

## On appeal from the 398th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

Appellant Roel Garcia appealed from an order granting a motion to dismiss filed by appellee Javier Prieto Gonzalez. Concerned that we lacked jurisdiction to entertain the appeal, on September 21, 2021, we abated the proceeding and remanded it to the trial court for clarification of its March 25, 2020 order of dismissal and to determine if there is

a bankruptcy stay that affects the case. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."); TEX. R. APP. P. 27.2; 11 U.S.C. § 362(a)(1).

On October 22, 2021, the trial court held an abatement hearing. On November 8, 2021, the trial court filed its Findings and Conclusions in which it stated:

1. The [trial] Court's March 25, 2020 order did not dispose of any claims or parties.
2. On March 25, 2020, Tri-Bar's bankruptcy stay order for Cause No. 19-70321 was in effect and the entire case abated.
3. The case is reinstated in its entirety.
4. Roel Garcia is not ordered to pay $2,500.00 to any party or their attorney.

We reinstated Garcia's appeal on November 8, 2021.

But for a few limited situations not applicable in this case, we have jurisdiction only over appeals from final judgments and orders. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) (citing *Lehmann*, 39 S.W.3d at 195 (Tex. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014. "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

Moreover, pursuant to § 362 of the United States Bankruptcy Code, a stay created by the filing of a bankruptcy petition is automatic and immediate and precludes "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). "An

action taken in violation of the automatic stay is void, not merely voidable." *York v. State*, 373 S.W.3d 32, 38 (Tex. 2012) (quoting *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988)).

Because the trial court's November 8, 2021 order indicates that the court "did not dispose of any claims or parties," and that a bankruptcy stay was in place at the time of its March 25, 2020 ruling, no final order was entered. Accordingly, this Court lacks jurisdiction to hear Garcia's appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012.

We accordingly dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

DORI CONTRERAS
Chief Justice

Delivered and filed on the
18th day of November, 2021.