Larry D. RAIKES, Ancillary Administrator of the Estate of James Burt Tregoning, and Vera Lorene Tregoning, Administratrix with Will Annexed of the Estate of James Burt Tregoning, Appellants,

v.

Dewitt T. LANGFORD, Appellee.

Court of Appeals of Kentucky.

Aug. 30, 1985.

As Modified Sept. 20, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Jan. 7, 1986.

David A. Nunery, Lexington, for appellants.

James E. Gillenwater, Timothy Gillenwater, Glasgow, for appellee.

Before HAYES, C.J., and GUDGEL, and WHITE, JJ.

GUDGEL, Judge:

This is an appeal from an order entered by the Grayson Circuit Court which dismissed a wrongful death action. The court adjudged that appellants filed their action in violation of an 11 U.S.C. § 362(a) automatic stay order, and that the action was therefore void for lack of jurisdiction from its beginning and could not be retroactively validated thereafter. Appellants contend the trial court erred by failing to find that its right to exercise jurisdiction was retroactively validated once the bankruptcy court subsequently lifted the automatic stay order. We disagree. Hence, we affirm.

The present controversy stems from the fatal shooting of one James Burt Tregoning by appellee on December 15, 1979. Appellants are the duly appointed personal representatives of Tregoning's estate. On

December 19, 1980, appellants in their representative capacities filed a wrongful death action against appellee. Appellee responded by filing a motion on February 14, 1981, requesting that the action be stayed. As grounds for the motion, appellee alleged that on October 8, 1980, he had filed a Chapter 11 petition in bankruptcy in the United States Bankruptcy Court for the Western District of Kentucky, and that the bankruptcy court had issued a § 362(a) automatic stay order which had the effect of preventing the commencement or continuation of any action against him. On March 10, 1981, the Grayson Circuit court entered an order which stated that "no further proceedings be had in this action so long as the said Stay Order is in effect." No additional pleadings were filed by the parties for three years.

On May 14, 1984, the bankruptcy court entered an order, which lifted its § 362(a) automatic stay order "for the limited purpose of allowing this matter to proceed to final judgment." Appellants retained new counsel, and on May 31, and July 26, motions were filed in the Grayson Circuit Court which asked that court to set aside the order it entered on March 10, 1981. Appellee responded to appellants' motions by filing a motion to dismiss the action. Thereafter both parties filed briefs. On October 30, 1984, the court sustained appellee's motion, and dismissed appellants' action. This appeal followed.

■ The principal issue appellants raise on appeal is whether the order entered by the bankruptcy court which lifted the § 362(a) stay order retroactively validated the circuit court's right to exercise jurisdiction and proceed with their pending action. Appellee responds to this issue initially by contending that appellants did not preserve the issue for review. We disagree. The brief appellants filed in opposition to appellee's motion to dismiss specifically argued this issue. Hence, contrary to appellee's suggestion, appellants' argument on this issue has not been raised for the first time on appeal.

■ The trial court found that the complaint appellants filed in this action was void since at the time this action was commenced in December, 1980, the bankruptcy court had issued a § 362(a) stay order which precluded the commencement of any action against appellee as of that date. Further, the court found that pursuant to the savings provisions of 11 U.S.C. § 108(c) appellants had a limited period of days after the bankruptcy court stay order was lifted in which to commence a new action against appellee, but failed to do so. Therefore, the court concluded that appellants' right to maintain a wrongful death action against appellee is now barred by limitations. We perceive no error in the trial court's findings.

■ It is fundamental that once a debtor commences a Chapter 11 bankruptcy proceeding *exclusive jurisdiction* over the debtor's property vests in the bankruptcy court. Moreover, 11 U.S.C. § 362(a) expressly provides that upon the filing of a petition for relief under the bankruptcy act an automatic stay order shall issue which shall operate, among other things, to prohibit the *commencement or continuation of any judicial proceeding* against the debtor. This latter section of the bankruptcy act has the effect of precluding a state court from entertaining or exercising jurisdiction over any action which is filed against a debtor subsequent to the debtor's filing of a bankruptcy petition. Any such exercise of jurisdiction by a state court is void and of no effect. *See, Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

■ Appellants concede in their brief that the circuit court did not have jurisdiction to entertain their wrongful death action on the date it was filed. They seek to avoid the harsh consequence of this concession by maintaining that the subsequent order entered by the bankruptcy court on May 14, 1984, which lifted the automatic stay order, revested the circuit court with jurisdiction over their action and retroactively gave it a right to proceed. We cannot agree.

True enough, it is undisputed that a bankruptcy court may voluntarily surrender its exclusivity of jurisdiction to a state court in appropriate circumstances. The bankruptcy act provides in 11 U.S.C. § 362(d) that relief may be granted from any automatic stay order, and that once an automatic stay order has been terminated or annulled jurisdiction revests in nonbankruptcy courts and the party who sought relief from the stay may proceed with any action which may be pending against the debtor in a nonbankruptcy forum. Further, the bankruptcy act expressly provides a savings feature in § 108(c) which operates to extend all state statutes of limitations applicable to the debtor. This latter section states that in the event an applicable period of limitations has not expired on the date a bankruptcy petition is filed, then that applicable period of limitations does not expire until the later of "(1) the end of [the limitations] period including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay."

Here, there is no dispute that at the time appellants' complaint in this action was filed a § 362(a) automatic stay order was in effect. The Grayson Circuit Court, therefore, did not have jurisdiction to entertain the action, and thus, it was a nullity and void. In short, as a result of the jurisdictional defect which existed at the time appellants commenced their action against appellee, it was as if no complaint at all had been filed. *See, United Northwestern Federal Credit Union v. Arens,* 233 Kan. 514, 664 P.2d 811 (1983). Thereafter, when appellants obtained an order from the bankruptcy court lifting its automatic stay on May 14, 1984, the Grayson Circuit Court was again vested with jurisdiction to entertain a wrongful death action against appellee. At this point, however, the matter was governed by § 108(c) of the bankruptcy act and appellants had a limited number of days in which to commence a new action against appellee without being bound by the bar of the applicable one-year statute of limitations. Appellants failed to avail themselves of their right to commence a new action however. Moreover, we are of the opinion the trial court did not err by refusing to permit them to avoid the consequences of that failure by finding that they were entitled to revive their void action.

Appellants' argument that the bankruptcy court's order lifting its automatic stay served to retroactively validate the circuit court's right to exercise jurisdiction over the pending action they had filed in 1980, is unpersuasive as it overlooks the severity of the jurisdictional defect which is at issue. This is *not* one of the typical reported cases in which a complaint is filed prior to the filing of a petition in bankruptcy. Nor is it one in which a judgment is entered in a pending state court action in violation of a stay order which is then subsequently annulled by the bankruptcy court as in *In Re Mellor,* 31 B.R. 151 (Bankr.App. 9th Cir. 1983). In these cases, the state court initially acquired valid jurisdiction over the action, and validly proceeded with it until such time as the stay order was issued. Further, once the stay order was subsequently lifted or annulled, the state court was again entitled to proceed with the action as if no stay had ever been issued. Here, by contrast, the underlying state court action *itself* was filed at a time when a stay order was already in effect. Thus, the circuit court did not acquire valid jurisdiction over the action initially. Since appellants' action was void from the date it was filed, it could not be validly revived thereafter.

Appellants' remaining contention that the circuit court should be deemed to be equitably estopped to conclude that their action must be dismissed is also without merit. True enough, the court's order of March 10, 1981, should have dismissed appellants' action rather than to merely stay further proceedings. There is no authority for the proposition, however, as appellants suggest, that a trial court may be estopped from subsequently correcting a mistake it has made. On the contrary, a trial court

has a duty to correct such a mistake, if as here, it has an opportunity to do so.

The court's judgment is affirmed.

All concur.