In re REPUBLIC OIL CORPORATION, Debtor.

Ben BROWN, Katherine Brown, Plaintiffs,

v.

REPUBLIC OIL CORPORATION, Defendant.

No. MM11850026.
A.P. No. 1850031.

United States Bankruptcy Court, W.D. Kentucky.

April 22, 1986.

In July, 1983, the plaintiffs in this action, Ben and Katherine Brown, filed suit in the Butler County, Kentucky Circuit Court against the debtor-in-possession Republic Oil Corporation, over the terms of an oil and gas lease. Republic had the action removed to the United States District Court for the Western District of Kentucky, but before the case went to trial Republic filed for Chapter 11 protection in the Bankruptcy Court for the Western District of Wisconsin.

The plaintiffs in this action then moved in the Wisconsin Bankruptcy Court for relief from the automatic stay, or in the alternative that that court abstain from hearing their suit against Republic, all in an obvious attempt to have the controversy brought back before the federal district court in Kentucky. Both motions were overruled. After receiving those adverse rulings, the plaintiffs nevertheless returned to the federal district court in Kentucky and obtained an order "removing"[1] their pending suit against Republic to this bankruptcy court.

\* \* \*

Kevin C. Brooks, Bowling Green, Ky., for defendant.

William E. Rueff, Jr., Morgantown, Ky., for plaintiff.

J. William Phillips, Murray, Ky., for defendant and intervening plaintiffs.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

In this clear case of forum-shopping, considerations of jurisdiction and venue prevent us from entertaining the action. The issue before us, in general terms, is whether a bankruptcy court other than the one in which the bankruptcy case is pending may assert independent jurisdiction in an adversary proceeding on a claim which arose prior to the commencement of the bankruptcy case.

Our first, and insurmountable, obstacle is Section 362 of the Bankruptcy Code, which provides in pertinent part that:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3), *operates as a stay, applicable to all entities, of—*

(1) *the commencement or continuation,* including the issuance or employment of process, *of a judicial administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,* or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . . . .

1. While this controversy came to us in an unusual manner, i.e. removal of a stayed case from the Federal District Court for the Western District of Kentucky to this forum, we find that our consideration of this matter is proper under the Blanket Order of Reference entered by the U.S. District Court for the Western District of Kentucky entered on July 27, 1984.

(3) any act to obtain possession of property of the estate or of property from the estate *or to exercise control over property of the estate;* [Emphasis added]

The provisions of Section 362 "are automatic and self operating and those who have knowledge of the pendency of a bankruptcy action and stay are bound to honor the stay unless and until it is properly lifted".[2]

■ In the matter presently before us, the plaintiff's attempt to have this Court hear their suit against Republic is a violation of both subsections (a)(1) and (a)(3) of the Section 362 automatic stay. It is a settled principle of bankruptcy law that all actions taken in violation of the automatic stay are void and without effect.[3] We therefore cannot consider the merits of any of the issues raised in this action, since the "removal" was in violation of the stay and strictly speaking the matter is not even before this court.[4]

■ Even if we were not barred by the automatic stay from deciding this controversy, we would abstain from hearing the controversy in the interest of comity among federal courts.[5] In the case of *Erti v. Paine Webber Jackson & Curtis,* the Second Circuit Court of Appeals held that when a conflict arose between the authority of the bankruptcy court to administer one of its cases and the authority of another federal court to hear one of its cases "the equities favor maintenance of the unfettered authority of the bankruptcy court [where the case is pending]".[6] In this instance the Wisconsin Bankruptcy Court has already considered the question of whether it should lift the automatic stay, or abstain from hearing the plaintiffs' suit,

and has ruled against the plaintiffs. This "removal" action is nothing more than an attempt by the plaintiffs to escape the effects of the Wisconsin Bankruptcy Court's decision. As a sister bankruptcy court we will not be a party to this attempt to evade the lawful jurisdiction of that court.

An order reflecting these findings will be entered with this memorandum opinion. Due to the nature of this action copies of this opinion will be sent to the United States District Court for the Western District of Kentucky and the Bankruptcy Court for the Western District of Wisconsin.

2. *NLT Computer Services v. Capital Computers Systems,* 755 F.2d 1253, 1258 (6th Cir.1985).

3. *In re Sambo's Restaurants, Inc.,* 754 F.2d 811 (9th Cir.1985); *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984); *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982).

4. *See In re Baird,* 55 B.R. 316, 318 (Bkrtcy.W.D. Ky.1985); *Raikes v. Langford,* 701 S.W.2d 142 (Ky.App.1986).

5. For an example of the problems which can arise when one bankruptcy court does not respect the jurisdiction of another court *In re Burley,* 11 B.R. 369, n. 87 (Bkrtcy.C.D.Cal.1981) and the cases of *In re Coleman American Companies, Inc.,* 8 B.R. 384 *(Bkrtcy.D.Kan.1981)* and *In re Coleman American Companies, Inc.,* 6 B.R. 251 *(Bkrtcy.D.Colo.1980)* [emphasis added].

6. 765 F.2d 343, 348 (2d Cir.1985).