Gilbert SANCHEZ and Delia Sanchez, Relators,

v.

The Honorable Darrell HESTER, Presiding Judge of the 197th Judicial District Court of Cameron County, Texas, Respondent.

No. 13–95–226–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 2, 1995.

Rehearing Overruled Dec. 21, 1995.

---

Luis Hernandez, Hirsch, Glover, Robinson & Sheiness, Brownsville, R.W. Woolsey, Woolsey & Cassidy, Corpus Christi, Dixie Smith, Fulbright & Jaworski, Houston, T. Mark Blakemore, Royston, Rayzor, Vickery & Williams, Brownsville, Cindy A. Garcia, Hirsch, Robinson, Sheiness & Glover, Brownsville, for intervenor.

Albert Villegas, Law Offices of Albert Villegas, Brownsville, Rene B. Gonzalez, Brownsville, for relators.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

This mandamus presents three issues. First, is an order dismissing a case for want of prosecution void if entered during the pendency of bankruptcy proceedings involving one of several defendants? Second, how does the relator's potential appellate remedy from such an order affect the availability of mandamus relief? And, third, is mandamus relief automatically precluded by a delay of seven months in efforts to seek a writ of mandamus? We hold that the order is void as applied to the debtor and that the relator

had no adequate appellate remedy. Because we further conclude that mandamus relief is not automatically precluded by a seven-month delay, we conditionally grant the writ of mandamus.

Sanchez sued several parties in July 1990, and the case was assigned to District Judge Darrell Hester's court for trial. In November of 1991, Marine Mart, Inc., a defendant, filed for bankruptcy. Sanchez's action against Marine Mart was automatically stayed under the provisions of 11 U.S.C. § 362(a)(1), and Judge Hester signed a stay order abating the remainder of the case.

Judge Hester gave notice in March 1993 that the action would be dismissed for want of prosecution. It was dismissed, but was reinstated after Sanchez moved to do so.

In March of 1994, the judge again gave notice of his intention to dismiss Sanchez's case for want of prosecution. Sanchez objected, but did not appear at the hearing on his motion. The judge dismissed Sanchez's case against all defendants in April of 1994. It is this action of the court that is the subject of this petition for writ of mandamus.

In June of 1994, Sanchez moved to dismiss the bankrupt defendant and to set the case for trial. Judge Hester denied these motions in October of 1994. During the pendency of the motions, Sanchez requested that the bankruptcy court grant him relief from its stay. This relief was granted in November of 1994. Sanchez's next action on this case was in June of 1995, when Sanchez requested mandamus relief from this Court.

■ We first consider the validity of the order dismissing the action while the automatic stay was in effect. Section 362 of the Bankruptcy Code provides that a bankruptcy petition operates to stay "the commencement or continuation" of all contemporaneous claims and proceedings "against the debtor." 11 U.S.C. § 362(a)(1). While this provision prohibits a plaintiff from pursuing its claim against a defendant under the protection of the bankruptcy court, the federal courts of appeal divide on whether dismissal of pending claims against the debtor in bankruptcy is prohibited by section 362(a).

The Fifth Circuit has held any action toward the dismissal of a case, even a sua sponte action, is an "act toward the disposition of the case and hence may be construed as a 'continuation' of a judicial proceeding." *Pope v. Manville Forest Prods. Corp.,* 778 F.2d 238, 239 (5th Cir.1985). The Tenth Circuit has also followed this reasoning. *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372–73 (10th Cir.1990). Conversely, the Ninth and Eighth Circuits have held that dismissal of claims against the debtor is not prohibited by section 362(a) because it is consistent with the purpose of the automatic stay. *Independent Union of Flight Attendants v. Pan Am. World Airways, Inc.,* 966 F.2d 457, 458–59 (9th Cir.1992); *Dennis v. A.H. Robins Co., Inc.,* 860 F.2d 871, 872 (8th Cir.1988).

When reviewing state court actions during the automatic stay, the Texas Supreme Court disdains any action against the debtor without analyzing the action in light of the stay's underlying purposes. For example, the supreme court vacated an appellate opinion and judgment on the sole ground that the opinion was issued during the pendency of bankruptcy. *Howell v. Thompson,* 839 S.W.2d 92, 92 (Tex.1992). The *Howell* court did not address whether issuance of the judgment under review was consistent in its effect with the bankruptcy stay provisions. *Id.* The supreme court has also overruled an appellate judgment approving the nunc pro tunc *denial* of a claim for attorney's fees against a debtor when that claim was resolved in violation of the stay. *Hood v. Amarillo Nat'l Bank,* 807 S.W.2d 807, 809 (Tex.App.—Amarillo), *rev'd,* 815 S.W.2d 545 (Tex.1991).

The supreme court's approach in *Howell* and *Hood* is compatible with Texas cases analyzing the bankruptcy stay in terms of the state court's jurisdiction over debtors and their property. *E.g., Graham v. Pazos De La Torre,* 821 S.W.2d 162, 164 (Tex.App.—Corpus Christi 1991, writ denied). Similarly, this Court has held that the bankruptcy stay prohibits the filing of an appeal bond even when it is the debtor who is seeking to appeal. *Nautical Landings Marina, Inc. v. First Nat'l Bank,* 791 S.W.2d 293, 296 (Tex.App.—Corpus Christi 1990, writ denied).

Accordingly, the hearing and consequent order dismissing Sanchez's case for want of prosecution were a prohibited continuation of proceedings against the debtor.

■ We next consider whether the order was void or merely voidable. Voidable orders are readily appealable and must be attacked directly, but void orders may be circumvented by collateral attack or remedied by mandamus. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (orig. proceeding).

■ The Fifth, Sixth, and Federal Circuits have held violations of the automatic stay to be voidable because the bankruptcy court enjoys the authority to retroactively validate such actions. *Bronson v. United States*, 46 F.3d 1573, 1577–79 (Fed.Cir.1995); *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909 (6th Cir.1993); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990); *accord Walker's Country Place, Inc. v. Central Appraisal Dist.*, 867 S.W.2d 111, 112 (Tex.App.—Eastland 1993, no writ) (following rule from Fifth Circuit). The Texas Supreme Court joins the majority of federal circuits, however, in adhering to *Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 345, 84 L.Ed. 370 (1940). *E.g., Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988) (citing *Kalb* for proposition that "violation of the automatic stay is void, not merely voidable"); *see also Bronson*, 46 F.3d at 1577 (acknowledging that majority of circuits hold violation of stay to be void rather than voidable while distinguishing *Kalb* based on subsequent amendment to Bankruptcy Code). Moreover, the position adopted by the Texas Supreme Court reflects the principle under Texas law that the orders of a court with no jurisdiction over the parties or property are void. *See State v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995) (per curiam); *Thomas v. Miller*, 906 S.W.2d 260 (Tex.App.—Texarkana 1995) (orig. proceeding); *see also Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (orig. proceeding) (comparing void and voidable judgments). Consequently, we hold that the respondent trial court's dismissal of Sanchez's case was a void order as applied to Marine Mart.

■ However, the automatic stay applies only to actions against the debtor and does not stay actions against the debtor's codefendants. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983). As applied to the nondebtor defendants, the disputed order merely operates as an interlocutory dismissal of Sanchez's case. *See Generally Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545 (Tex.1991). In *Hood*, the trial court attempted to use a nunc pro tunc order to finalize interlocutory summary judgments against both debtor and nondebtor defendants. The supreme court held that the judgment was not final as to the debtor because the trial court's nunc pro tunc judgment violated the Bankruptcy Code's automatic stay provision. *Id.* at 547. The *Hood* court held that the judgment was not final as to the nondebtors, too, but only because the interlocutory judgment against the debtor was not severed from the action against the nondebtors. *Id.* The supreme court did not deny the trial court's authority to dispose of attorney-fee claims against the nondebtors despite the pendency of bankruptcy proceedings involving a codefendant. *Id.*

Nothing in the record suggests that application of the order to the nondebtor defendants depends on an application of the order to the debtor. Accordingly, our determination of the dismissal order's validity as applied to the bankruptcy debtor does not affect the validity of the order as it applies to the nondebtor defendants. *Kubena v. Hatch*, 144 Tex. 627, 193 S.W.2d 175, 177 (1946) ("a judgment may be void in part and valid in part provided that the valid portion is not so dependent on the invalid as to fall within it"); *see also Greenberg v. Fincher & Son Real Estate*, 753 S.W.2d 506, 507 (Tex.App.—Houston [1st Dist.] 1988, no writ) (discussing application of automatic bankruptcy stay to codefendants of the bankrupt). The dismissal order does not violate the automatic stay as the order applies to the debtor's codefendants. *Hood*, 815 S.W.2d at 547. As a result, we hold that the dismissal is valid as applied to the nonbankrupt defendants.

■ The next issue is the adequacy of the relator's remedy by appeal from a partially

void order and how that remedy affects the availability of mandamus relief. As applied to the nondebtor defendants, the dismissal order remains interlocutory and not appealable because the trial court denied Sanchez's motion to sever Marine Mart from the suit. *Hood*, 815 S.W.2d at 547. As applied to the bankruptcy debtor, the dismissal order was entered during the pendency of the bankruptcy stay and is void. Appeal is therefore "wholly unnecessary" to establish the invalidity of that aspect of the order. *Owens*, 907 S.W.2d at 486; *see also Eubanks v. Hand*, 578 S.W.2d 515, 517 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.) (appellate court "has no jurisdiction to consider the merits of the appeal from" a void judgment). In view of these considerations, Sanchez did not have a clear and adequate appellate remedy at law.

■ Finally, we consider the effect of Sanchez's seven-month delay between the bankruptcy court's grant of relief from its stay and Sanchez's application for this writ of mandamus. The real parties in interest contend that mandamus relief is prohibited under *Rivercenter Associates v. Rivera*, 858 S.W.2d 366 (Tex.1993) (orig. proceeding). We disagree.

*Rivercenter* holds that a party's lack of diligence in pursuit of its rights is a factor that the court may consider in denying relief. *Id.* at 367. The *Rivercenter* court emphasized that writ of mandamus issues "at the discretion of the court" and not as a matter of right. *Id.*

■ In determining if relator's delay in seeking a writ of mandamus is a barrier to the issuance of the writ, a court may use the analogy of laches, which bars equitable relief. A party asserting the defense of laches must show both an unreasonable delay by the other party in asserting its rights and harm resulting to it because of the delay. *Rogers v. Ricane Enters.*, 772 S.W.2d 76, 80 (Tex. 1989).

We do not find harm to the real parties in interest as a result of relator's delay in seeking his remedy. We conditionally grant the writ of mandamus directing the trial court to vacate its dismissal order as it applies to

Marine Mart, only. However, the writ will not issue unless the trial court fails to comply with this opinion.