**In re SOUTHWESTERN BELL TELEPHONE COMPANY.**

No. 13–99–610–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 18, 1999.

Jacqueline M. Stroh, Sharon E. Callaway, Crofts, Callaway & Jefferson, San Antonio, Diego J. Pena, San Antonio, for Relator.

Kevin F. Mickits, Michael S. Lee, Corpus Christi, Rebecca R. Kieschnick, Meredith, Donnell & Abernethy, Corpus Christi, V. Elizabeth Ledbetter, Schauer, Simank & Ledbetter, Corpus Christi, Larry G. Hyden, Henkel, Hyden & Sanders, Corpus Christi, J. Mitchell Clark, Corpus Christi, William R. Edwards, III, John Blaise Gsanger, The Edwards Law Firm, L.L.P., Corpus Christi, for Real Parties in Interest.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

By the present mandamus proceeding, Southwestern Bell Telephone Company complains that the trial court abused its discretion when it vacated its prior order transferring venue to another county. Relator contends that the trial court lost jurisdiction over the case before it attempted to vacate the prior transfer. We deny the requested mandamus relief.

Plaintiff Dorothy Salch brought the underlying lawsuit in Refugio County against numerous defendants, including Southwestern Bell and Builders Transport, for the wrongful death of her son. Builders Transport moved to transfer venue to Dallas County. Thereafter, Southwestern Bell moved to transfer venue to Bexar County, but in the alternative, requested that Builders Transport's motion be granted and the case be transferred to Dallas County. Prior to a decision being made on the motions to transfer, Builders Transport filed for bankruptcy in the state of Georgia. Subsequently, while the bankruptcy was still pending, the trial court transferred the entire case to Dallas county. The order transferring venue was signed on July 15, 1998. No further action was taken by the Court, the Court Clerk, the attorneys, or the parties, to effectuate the transfer or to proceed in the matter until Respondent requested and the court granted the motion to set aside the transfer order.

Relator contends that the trial court retained jurisdiction over this case by virtue of the bankruptcy of Builders Transport and that the automatic stay of litigation against it provided by 11 U.S.C. § 362(a) rendered the transfer order void.

Southwestern Bell argues by the present mandamus proceeding that the automatic stay only applied to Salch's action against Builders Transport, that the transfer order was valid as to Southwestern Bell, and that the subsequent order vacating the transfer was itself void as having been entered after the trial court's jurisdiction expired. While an order transferring venue is interlocutory as to the parties, it is final as to the transferring court. The court retains jurisdiction to correct that order for thirty days after it is signed. *HCA Health Services of Texas, Inc. v. Salinas*, 838 S.W.2d 246, 248 (Tex.1992); *Seay v. Valderas*, 643 S.W.2d 395, 397 (Tex.1982); *see* TEX.R. CIV. P. 329b(d).

However, the automatic stay imposed by Bankruptcy Code § 362 operates to deprive a state court of jurisdiction over the debtor, and all state court proceedings taken against the debtor prior to the lifting of the stay are void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 500–01 (Tex.1988); *Baytown State*

*Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Graham v. Pazos De La Torre*, 821 S.W.2d 162, 164 (Tex.App.—Corpus Christi 1991, writ denied); *Nautical Landings Marina, Inc. v. First Nat. Bank in Port Lavaca*, 791 S.W.2d 293, 296 (Tex. App.—Corpus Christi 1990, writ denied). Accordingly, the transfer of a case against the bankrupt party to another court violates the automatic stay as the continuation of a judicial proceeding against the debtor. *See In re Republic Oil Corp.*, 59 B.R. 884, 886 (Bankr.W.D.Ky.1986) (attempted removal of case from district court to bankruptcy court other than the one in which bankruptcy was pending).

Therefore, there is no question in the present case that the transfer of venue was void as to Builders Transport. The issue before this Court is whether the transfer was valid as to co-defendant Southwestern Bell.

■ The automatic stay generally applies only to actions against the debtor and does not stay actions against non-bankrupt co-defendants, nor does it preclude severance of such claims. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *Sanchez v. Hester*, 911 S.W.2d 173, 176 (Tex.App.—Corpus Christi 1995, orig. proceeding). Even without a severance, litigation may proceed against the co-defendants. *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985). Thus, the automatic stay does not prohibit a district court from continuing proceedings that relate only to the solvent co-defendant of a bankrupt. *Greene & Kellogg, Inc. v. Oxford Hospital, Inc.*, 95 B.R. 26, 27 (E.D.Penn.1989).

■ Accordingly, an otherwise final order for summary judgment or dismissal signed while one defendant is protected by the automatic stay may nevertheless be valid with regard to claims against co-defendants. *Hood v. Amarillo Nat'l Bank*, 815 S.W.2d 545, 547 (Tex.1991) (summary judgment); *Sanchez*, 911 S.W.2d at 176 (dismissal for want of prosecution). However, the validity of the order as to co-defendants does not transform it into a final judgment. The order remains interlocutory pending a severance of the bankrupt or the lifting of the bankruptcy stay. *See Hood*, 815 S.W.2d at 547; *Sanchez*, 911 S.W.2d at 176. In *Sanchez*, the validity of the dismissal of claims against co-defendants did not depend upon or affect the validity of the dismissal order with regard to the bankrupt defendant, so that there was no reason to deny partial effect to the dismissal with regard to those co-defendants. *See Sanchez*, 911 S.W.2d at 176.

■ In the present case, however, the transfer order could not have applied only to Southwestern Bell without a severance of the claims against Builders Transport. Unlike the dismissal order in *Sanchez* or the summary judgment in *Hood*, we may not treat the transfer order in the present case as partial and interlocutory. Transfers are final with regard to the transferring court, *see HCA Health Services of Texas*, 838 S.W.2d at 248, and there can be no partial transfer without a severance of the parties transferred. Therefore, unless the trial court's signing of the transfer order during the period of the automatic stay implied a severance of the claims against Southwestern Bell, the purported transfer of the entire case was void.

■ Generally, a trial court has broad discretion to grant or refuse motions for severance or separate trial. TEX.R. CIV. P. 41; *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 194 (Tex.App.—Corpus Christi 1993, orig. proceeding). Therefore, severance may not be accomplished merely by implication. *Pan American Petroleum Corp. v. Texas Pacific Coal and Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959); *Gaitz v. Markman*, 482 S.W.2d 391, 394 (Tex. Civ.App.—Houston [14th Dist.] 1972, no writ); *Mayfair Bldg. Corp. v. Oak Forest Bank*, 441 S.W.2d 568, 571 (Tex.Civ.App.—

Austin 1969, no writ); *Thomas v. Shult,* 436 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1 st Dist.] 1968, no writ) (denying that there could be any implied severance with regard to interlocutory judgments disposing of only some of the parties).

However, Texas law does recognize something in the nature of an implied severance when the trial court grants a transfer of venue as to some, but not all, of the severable defendants in the underlying lawsuit. Though the trial court does not enter a specific order severing the claims, Texas courts have said that the transfer of individual defendants whose pleas of privilege were sustained was "in effect a severance." *Tunstill v. Scott,* 138 Tex. 425, 160 S.W.2d 65, 69 (1942); *Comer v. Brown,* 285 S.W. 307, 309 (Tex. Comm'n App.1926, judgm't adopted); *see also Belcher v. Ramirez,* 578 S.W.2d 491, 494 (Tex.Civ. App.—Corpus Christi 1979, no writ); *Robertson Distribution Systems, Inc. v. Butt,* 482 S.W.2d 28, 30 (Tex.Civ.App.—Corpus Christi 1972, writ dism'd w.o.j.) (acknowledging that a severance occurs as a result of ordering the transfer of less than all defendants).

Nevertheless, in the present case, the trial court's order clearly indicated an intent to transfer the entire case to Dallas, not merely the claims against Southwestern Bell. As *Sanchez* and *Hood* suggest, severance of claims against the non-bankrupt defendant is not automatic but is left to the discretion of the trial court. We see no reason in the present case to imply that the trial court would have severed and transferred as to Southwestern Bell alone.

██ We are therefore unwilling to assume, contrary to the general rule against implied severance, that the bankruptcy stay itself effected a severance of the bankrupt from the non-bankrupt defendants and transferred only the claims against the latter to Dallas. There can be no partial transfer and implied severance absent some indication that the trial court intended to sever and transfer only part of the cause of action.

Because the trial court's order for transfer in the present case does not indicate any intent to sever the cause of action, the transfer of the entire case was dependent upon jurisdiction to transfer all parties to that case. Absent jurisdiction over Builders Transport, the transfer order was void and the trial court retained jurisdiction to later vacate that order.

Accordingly, we deny the petition for writ of mandamus.