NUMBER 13-03-753-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

IN RE: ROBERT E. DE LA GARZA
                                                                                                      

On Petition for Writ of Mandamus                                                                                                                      

O P I N I O N 

Before Justices Yañez, Rodriguez and Garza
Opinion by Justice Garza
 
          On December 22, 2003, relator, Robert E. De La Garza, filed a petition for writ of
mandamus asking this Court to direct respondent, Judge Noe Gonzalez of the 370th
District Court of Hidalgo County, to rescind or vacate his order of November 18, 2003
compelling relator to attend a post-judgment deposition noticed by the real party in interest,
National Investors, L.P. Relator argues that the post-judgment discovery order at issue is
void because the underlying judgment is void. On January 9, 2004, the real party in
interest filed a response to relator’s petition, in which it argued, inter alia, that the discovery
order was not void because relator’s bankruptcy proceeding was not successfully
completed. Having reviewed and considered the arguments and authorities presented by
each side, we conditionally grant a writ of mandamus directing respondent to vacate his
order of November 18, 2003.
Background
          This mandamus proceeding arises from a suit to collect on a note, which was filed
by the real party in interest against relator on August 18, 1992. On March 1, 1994, relator
filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern
District of Texas, McAllen Division. On March 28, 1994, the real party in interest was
awarded a final judgment against relator on its suit. Subsequently, on April 21, 1994,
relator’s bankruptcy petition was ordered dismissed.
          Approximately nine years later, in the spring of 2003, the real party in interest
noticed relator to appear at a deposition to obtain discovery in aid of judgment. The
deposition was scheduled for April 1, 2003, but relator did not appear. On April 8, 2003, 
the real party in interest filed a motion to compel discovery, which was granted by
respondent on November 18, 2003. This mandamus proceeding ensued.
Analysis
          Mandamus is an extraordinary writ and will issue only to correct a clear abuse of
discretion that cannot be remedied on appeal. Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992, orig. proceeding); In re Steiger, 55 S.W.3d 168, 170 (Tex. App.–Corpus Christi
2001, orig. proceeding). Mandamus is appropriate to obtain judicial review of a trial court’s
post-judgment discovery order. See Collier Servs. Corp. v. Salinas, 812 S.W.2d 372, 375
(Tex. App.–Corpus Christi 1991, orig. proceeding); see also In re Amaya, 34 S.W.3d 354,
356 (Tex. App.–Waco 2001, orig. proceeding).
          A trial court has inherent power and authority to enforce its judgments. Arndt v.
Farris, 633 S.W.2d 497, 499 (Tex. 1982, orig. proceeding); see also Tex Gov’t Code Ann.
§ 21.001 (a) (Vernon Supp. 2004); Tex. R. Civ. P. 308, 621a; Ex parte Gorena, 595 S.W.2d
841, 844 (Tex. 1979, orig. proceeding); S.W. Bell Mobile Sys. v. Franco, No. 13-99-186-CV, 2000 Tex. App. LEXIS 8073, at *3 (Corpus Christi Nov. 30, 2000, no pet.) (not
designated for publication). But if the judgment is void, the trial court has no ability to
enforce it. Cf. Enis v. Smith, 883 S.W.2d 662, 663 (Tex. 1994, orig. proceeding) (“A void
judgment will not support a turnover order.”).
          Relator argues that the judgment in this case is void because it was taken in
violation of the bankruptcy code’s automatic stay. See 11 U.S.C. § 362 (2003). Relator
cites Howell v. Thompson, 839 S.W.2d 92, 92 (Tex. 1992) and Cont’l Casing Corp. v.
Samedan Oil Corp., 751 S.W.2d 499, 501 (Tex. 1988) as direct Texas Supreme Court
authority on this issue. According to the real party in interest, however, actions taken in
derogation of the automatic stay are not void but merely voidable. The real party in interest
relies on In re Jones, 63 F.3d 411, 412 (5th Cir. 1995), Picco v. Global Marine Drilling Co.,
900 F.2d 846, 850 (5th Cir. 1990), and Sikes v. Global Marine, Inc., 881 F.2d 176, 178 (5th
Cir. 1989). 
          The issue, then, is whether this Court should follow the United States Court of
Appeals for the Fifth Circuit or the Texas Supreme Court in determining the effect of the
bankruptcy code’s automatic stay on a state court judgment. In Penrod Drilling Corp. v.
Williams, 868 S.W.2d 294, 296 (Tex. 1993), the Texas Supreme Court explained: “While
Texas courts may certainly draw upon the precedents of the Fifth Circuit, or any other
federal or state court, in determining the appropriate federal rule of decision, they are
obligated to follow only higher Texas courts and the United States Supreme Court.” Thus,
when faced with the very issue posed to us today, the Fort Worth Court of Appeals decided
to “follow . . . Howell and hold that state court actions taken in violation of the automatic
stay are void.” In re Sensitive Care, Inc., 28 S.W.3d 35, 39 (Tex. App.–Fort Worth 2000,
orig. proceeding); see also Paine v. Sealey, 956 S.W.2d 803, 806 (Tex. App.–Houston
[14th Dist.] 1997, no writ) (“[W]e are not bound by Sikes.”). 
          In light of the aforementioned precedent, as well as our own Court’s prior opinions,
we hold that all state court actions taken against a debtor in violation of an automatic stay
pursuant to the bankruptcy code are void. See In re S.W. Bell Tel. Co., 6 S.W.3d 753, 754
(Tex. App.–Corpus Christi 1999, orig. proceeding); Graham v. Pazos de la Torre, 821
S.W.2d 162, 164 (Tex. App.–Corpus Christi 1991, no writ); see also In re S.W. Bell Tel.
Co., 35 S.W.602, 604 (Tex. 2000, orig. proceeding); Padrino Maritime, Inc. v. Rizo, No. 13-01-641-CV, 2004 Tex. App. LEXIS 620, at *3 (Corpus Christi Jan. 22, 2004, no pet. h.)
(memorandum opinion).
          The real party in interest, however, points out that no opinions from Texas courts 
discuss the effect of the dismissal of a bankruptcy case on actions taken against a debtor
during the stay. In this case, relator’s bankruptcy petition was dismissed less than a month
after the real party in interest secured a final judgment in state court. The real party asks
that we retroactively validate the void judgment based on the bankruptcy court’s dismissal
of relator’s bankruptcy petition. Although the real party correctly asserts that dismissal of
a bankruptcy action prior to discharge has the effect of undoing the bankruptcy insofar as 
is practical, see 11 U.S.C. § 349 (2003), a void judgment is a nullity and cannot be
resurrected. See In re Guardianship of B.A.G., 794 S.W.2d 510, 511 (Tex. App.–Corpus
Christi 1990, orig. proceeding) (“A void judgment is one entirely null within itself, and which
is not susceptible of ratification or confirmation, and its nullity cannot be waived.”). 
          Accordingly, we hold that the judgment rendered against relator is void and that the
post-judgment discovery order is likewise void. On this basis, we conditionally grant a writ
of mandamus compelling respondent to vacate his order of November 18, 2003. The writ
will issue only upon respondent’s refusal to act in accordance with the direction given by
this opinion. 
 
                                                                           ___________________________
                                                                                    DORI CONTRERAS GARZA,
                                                                           Justice

Opinion delivered and filed 
this the 17th day of February, 2004.