COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-338-CV
  
  
IN 
RE JAY CHARLES BOWEN 
 
  
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
* MEMORANDUM OPINION[1]
 
------------
        Real 
party in interest, Jane Susanne Weckherlin, filed a post-divorce suit against 
relator, Jay Charles Bowen, for breach of the agreement incident to 
divorce.  After the suit was filed, relator filed bankruptcy and filed a 
notice of bankruptcy with the trial court in the post-divorce suit.  
Relator asserts that two orders signed by the trial court on September 5, 2003[2] are void because he filed bankruptcy on April 9, 2003, and 
the bankruptcy code’s automatic stay precludes any action in the underlying 
post-divorce litigation until or unless the automatic stay is lifted.  See 
11 U.S.C.A. § 362(a)(1) (West 1993 & Supp. 2003).[3]
        During 
the pendency of a federal bankruptcy action, a state court has jurisdiction to 
hear matters pertaining to the dissolution of a marriage but not to hear matters 
relating to property that is part of the bankruptcy estate. See In re Surgent, 
No. 13-03-484-CV, 2003 WL 22512023, at *3 (Tex. App.—Corpus Christi Nov. 6, 
2003, orig. proceeding).[4]  Thus, all issues in 
the underlying litigation related to property in the bankruptcy estate are 
stayed as a matter of law.  See 11 U.S.C.A. § 362(a)(1); see 
also In re Shock, 37 B.R. 399, 400 (D.N.D. 1984) (holding a state 
court may not make determination or disposition of property included in 
bankruptcy estate).
        Accordingly, 
the trial court’s September 5 orders are void to the extent that they address 
issues regarding property in Relator’s bankruptcy estate. See Sanchez v. 
Hester, 911 S.W.2d 173, 175-76 (Tex. App.—Corpus Christi 1995, orig. 
proceeding). We conditionally grant in part relator’s petition for writ of 
mandamus and direct the trial court to vacate its September 5, 2003 orders or to 
amend them, if possible, to specifically address only matters related to the 
enforcement action that do not seek to attain or involve property in relator’s 
bankruptcy estate. The writ will issue only if the trial court fails to comply 
with these instructions.
   
                                                                  SUE 
WALKER
                                                                  JUSTICE

  
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
CAYCE, 
C.J., filed a dissenting opinion.
 
DELIVERED: 
March 18, 2004


 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-338-CV
 
  
IN RE JAY CHARLES BOWEN
 
  
------------
 
ORIGINAL PROCEEDING
 
------------
 
DISSENTING OPINION
 
------------
        I 
respectfully dissent because I do not believe the record shows that the trial 
court’s orders will or are intended to affect property in the relator’s 
bankruptcy estate. For this reason, I would deny the relator’s petition for 
writ of mandamus.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
DELIVERED: March 18, 2004


NOTES
 
* 
Majority Opinion by Justice Sue Walker; Dissenting Opinion by Chief Justice John 
Cayce
 
MAJORITY NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
The two orders are: a mediation 
order requiring the parties to complete mediation before April 30, 2004; and a 
pretrial scheduling order setting pretrial deadlines and a May 6, 2004 trial 
date.
3. 
We requested a response from real party in interest, but she notified us that no 
response would be filed.
4. 
When a challenged order is void for lack of jurisdiction, relator is not 
required to establish that he has no adequate remedy at law. In re S.W. Bell 
Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000).