

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00222-CV

**IN RE** Leticia **MONTEMAYOR**

Original Mandamus Proceeding[1]

Opinion by:　　Sandee Bryan Marion, Chief Justice

Sitting:　　Sandee Bryan Marion, Chief Justice
　　　　　　Patricia O. Alvarez, Justice
　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:  June 22, 2016

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Leticia Montemayor, mother of R.E.M., filed a petition for writ of mandamus to challenge a temporary order in a suit affecting the parent child relationship which gave the real party in interest, Raul Roel Martinez Jr., the father of R.E.M., the exclusive right to designate R.E.M.'s primary residence, with a geographical limit of Laredo, Webb County, Texas.  Because Raul did not prove the facts necessary to support the issuance of the order, the trial court abused its discretion by entering the order.  Therefore, we conditionally grant mandamus relief.  *See* TEX. R. APP. P. 52.8.

---

[1] This proceeding arises out of Cause No. 2011CVW001587 C3, styled *In the Interest of R.E.M., a Child*, pending in the County Court at Law No. 2, Webb County, Texas, the Honorable Jesus Garza presiding.

**BACKGROUND**

On July 18, 2011, the trial court signed an order in a suit affecting the parent child relationship. The order appointed Leticia and Raul joint managing conservators of R.E.M., and designated Leticia the conservator with the exclusive right to designate the primary residence of the child, without regard to geographic location.

On June 1, 2015, Raul filed a petition to modify the parent child relationship, including a request for a temporary order appointing him the conservator with the exclusive right to designate R.E.M.'s primary residence, with residence restricted to Webb County, Texas. Raul alleged that the temporary order was necessary because R.E.M.'s present circumstances would significantly impair the child's physical health or emotional development. Leticia had accepted a job in Dallas and planned to move there with R.E.M.

The trial court held two hearings addressing the designation of Raul as the conservator with the exclusive right to designate R.E.M.'s primary residence. The first hearing, on June 16, 2015, did not adduce testimony or evidence, but only memorialized an agreement between the parties for R.E.M. to remain in Laredo pending a further hearing. At the close of the first hearing, to allow time for the court-appointed ad litem to assess the situation, the court scheduled another hearing for July 23, 2015.

At the July 23, 2015 hearing, the court heard testimony from Raul, Leticia, and the ad litem. At this second hearing, no evidence was introduced about whether or not Leticia's plan to move to Dallas with R.E.M. would significantly impair the child's physical health or emotional development. Raul testified about R.E.M.'s activities and relations with family in Laredo and his own relationship with R.E.M. He expressed concern that the child would lack familial support in Dallas and stated his belief the child would be better off with family in Laredo, rather than living in Dallas. Raul also testified that he believed the move would be emotionally and psychologically

distressing for R.E.M. Leticia testified she accepted employment in Dallas because of the higher pay and the opportunity for advancement. She also testified about the location of her apartment in Dallas, the school in which she planned to enroll R.E.M., and available activities and day care. Finally, the court-appointed ad litem reported she believed it was in R.E.M.'s best interest to live in Laredo. The ad litem did not offer any criticism of either parents' care of the child. In closing argument, Raul's attorney argued that it was not in R.E.M.'s best interest to move to Dallas. In addition, during closing arguments the judge referenced the "best interest of the child" as the standard the court was applying in considering the evidence.

On July 24, 2015, the court issued an order designating Raul as the conservator with the exclusive right to designate R.E.M.'s primary residence, within Laredo, Webb County, Texas. The order explicitly states it is a temporary order.

Leticia filed a petition for writ of mandamus on April 8, 2016, arguing the trial court clearly abused its discretion by entering a temporary order changing the designation of the person with the exclusive right to designate the primary residence of the child without applying the standard set forth in section 156.006(b) of the Texas Family Code.

## STANDARD OF REVIEW

"Mandamus relief is available only to correct a 'clear abuse of discretion' when there is no other adequate remedy at law." *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000). A trial court has no discretion in determining the law or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *In re Sanchez*, 228 S.W.3d 214, 217 (Tex. App.—San Antonio 2007, orig. proceeding). A trial court clearly abuses its discretion if it fails to analyze or apply the law correctly. *Walker*, 827 S.W.2d at 839; *Sanchez*, 228 S.W.3d at 217. A trial court's temporary orders are not appealable, therefore, mandamus is an appropriate remedy. *In re Strickland*, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, orig. proceeding).

## DISCUSSION

The record before this court establishes the trial court's ruling was based upon the best interest of the child.  However, section 156.006(b) of the Texas Family Code provides:

> (b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and:
> (1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development[.]

TEX. FAM. CODE § 156.006(b) (West Supp. 2015).

In this case, no evidence was presented regarding whether Leticia's move to Dallas would "significantly impair [R.E.M.'s] physical health or emotional development."  *Id*.  Raul did state his opinion that the move would be emotionally and physically distressing to R.E.M.  However, evidence of the emotional distress resulting from separation and loss caused by a move is not, by itself, evidence of significant impairment of a child's physical health or emotional development as required by section 156.006(b).  *Strickland*, 358 S.W.3d at 820.  Ultimately, the testimony of the parents and the ad litem only addressed the best interest of the child.  Because the evidence does not satisfy the standard set out in section 156.006(b), the trial court abused its discretion by issuing the temporary order that changed "the designation of the person who has the exclusive right to designate the primary residence of the child."

In his response to the petition for writ of mandamus, Raul argues Leticia waived her complaint by delaying from July 24, 2015, when the order was issued, until April 8, 2016, to seek mandamus relief.  We disagree.

The Texas Supreme Court has held that mandamus relief, while not an equitable remedy, is "largely controlled by equitable principles."  *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).  "In determining if a relator's delay prevents the issuance of

the writ, courts have analogized it to the doctrine of laches." *In re Northern Nat. Gas Co.*, 327 S.W.3d 181, 188 (Tex. App.—San Antonio 2010, orig. proceeding) (citing *In re Hinterlong*, 109 S.W.3d 611, 620 (Tex. App.—Fort Worth 2003, orig. proceeding); *Sanchez v. Hester*, 911 S.W.2d 173, 177 (Tex. App.—Corpus Christi 1995, orig. proceeding)). "A party asserting the defense of laches must show: (1) unreasonable delay by the other party in asserting its rights, and (2) harm resulting to the party as a result of the delay." *Id.*

Here the record shows Leticia's counsel withdrew from representing her in January, 2016. When new counsel appeared, he filed a motion to vacate the July 24, 2015 order, which was heard on March 1, 2016, and denied by an order dated April 7, 2016. Thereafter, the filing of the petition for writ of mandamus ensued. Further, there is nothing in the record to indicate any harm to Raul resulting from the delay. We conclude Leticia did not waive her right to seek mandamus relief. *See In re Hamel*, 180 S.W.3d 226, 230 (Tex. App.-San Antonio 2005, orig. proceeding) (mandamus not barred when no harm shown in record).

### CONCLUSION

We conclude the trial court abused its discretion by issuing the July 24, 2015 temporary order. We conditionally grant the writ. The trial court is directed to vacate its temporary order. The writ will only issue if the trial court fails to withdraw its temporary order within twenty days of the date of this court's order.

Sandee Bryan Marion, Chief Justice