RENDERED: MARCH 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0116-MR

PATRICIA DIANE DOTY, AS
EXECUTRIX OF THE ESTATE OF
FRANKIE FOSTER, DECEASED                                        APPELLANT


                    APPEAL FROM MADISON CIRCUIT COURT
v.                  HONORABLE JEFFREY M. WALSON, JUDGE
                    ACTION NO. 15-CI-00563


RICHMOND HEALTH FACILITIES –
KENWOOD, LP D/B/A KENWOOD
HEALTH & REHABILITATION CENTER;
RICHMOND HEALTH FACILITIES –
KENWOOD GP, LLC; PREFERRED CARE
PARTNERS MANAGEMENT GROUP, LP;
PREFERRED CARE OF DELAWARE, INC.;
PCPMG, LLC; KENTUCKY PARTNERS
MANAGEMENT, LLC; GLENN COX, IN
HIS CAPACITY AS ADMINISTRATOR OF
KENWOOD NURSING AND REHABILITATION
CENTER; AND JOHN DOES 1 THROUGH 5                              APPELLEES


                          OPINION
                         REVERSING
                       AND REMANDING

                     ** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: Patricia Diane Doty, as executrix of the estate of Frankie Foster (Appellant) appeals from an order of the Madison Circuit Court granting Appellees' motion to dismiss based upon Appellant's failure to timely substitute and revive following Doty's death. On appeal, Appellant argues that because certain defendants filed a petition for bankruptcy relief, the automatic stay of 11 United States Code (U.S.C.) § 362(a)(1) and the associated savings statute, 11 U.S.C.A. § 108(c)(2), gave Appellant thirty days after notice of the termination of the stay in which to file its motion to substitute and revive. Therefore, Appellant contends that the trial court's conclusion that the motion was untimely, and its subsequent dismissal of the action were in error.

On October 22, 2015, a complaint was filed in Madison Circuit Court alleging neglect and abuse against various providers in connection with Frankie Foster's care at Kenwood Health & Rehabilitation Center. On April 25, 2016, following Ms. Foster's death, Patricia Diane Doty, as executrix of the estate, was substituted as plaintiff.

Thereafter, on November 15, 2017, the following defendants filed their suggestion of bankruptcy: Preferred Care of Delaware, Inc. d/b/a Preferred Care, Inc., Kentucky Partners Management; LLC, Preferred Care Partners Management Group, LP; PCPMG, LLC; Richmond Health Facilities – Kenwood

LP d/b/a Kenwood Health and Rehabilitation Center; Richmond Health Facilities –

Kenwood GP, LLC; and Glenn Cox, in his capacity as administrator of Kenwood

Health and Rehabilitation Center (Defendants). That document served to inform

the trial court that "certain defendants" had filed for bankruptcy protection in the

Northern District of Texas, Fort Worth Division. Among those defendants was

Kenwood Health & Rehabilitation Center. The bankruptcy proceedings involving

that debtor did not terminate until April 10, 2020.

In 2018, Doty died. On April 11, 2018, her successor executrix was

appointed in the Madison District Court probate case. Thereafter, on July 31,

2019, Appellant filed a motion to substitute and revive. On September 13, 2019,

that motion was denied, based on Appellant's failure to file the motion within the

time limits of CR[1] 25.01 and KRS[2] 395.278. As a result, on December 19, 2019,

the defendants' motion to dismiss with prejudice and strike motion to set status

conference was granted. In the notice of appeal, Appellant states that it is the latter

order that is being appealed. As this appeal involves pure questions of law, the

Court's review will be *de novo*. *Fox v. Grayson*, 317 S.W.3d 1 (Ky. 2010).

CR 25.01(1) provides that "[i]f a party dies during the pendency of an

action and the claim is not thereby extinguished, the court, within the period

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

-3-

allowed by law, may order substitution of the proper parties. If substitution is not so made the action may be dismissed as to the deceased party." The applicable "period allowed by law" herein is one year as set forth in KRS 395.278. Thus, as a matter of Kentucky law alone, the substitution should have been made one year from Ms. Doty's death. Were that the only applicable law, the trial court's determination would clearly have been appropriate.

However, the disposition of this matter is not dependent solely upon state law, but on the provisions of the United States Bankruptcy Code as well. 11 U.S.C. § 362(a)(1) imposes an automatic stay against the commencement or continuation of an action involving the debtor. In *Daniel v. Fourth & Market, Inc.*, 445 S.W.2d 699, 701 (Ky. 1968), the Court recognized that "a revivor is much in the nature of a new action as distinguished from an act done during the course of a proceeding . . . ." As Kenwood Health & Rehabilitation Center filed for bankruptcy protection, any effort at reviving the cause of action in the name of the new personal representative would be "a new action" commenced against a bankruptcy debtor and therefore, stayed.

Further, 11 U.S.C. § 108(c)(2) provides that when state law sets a time limit for commencing or continuing an action, it shall not expire until thirty days after notice of the termination of the bankruptcy stay. The application of this statute was recognized in *Raikes v. Langford*, 701 S.W.2d 142 (Ky. App. 1985),

-4-

where the personal representative failed to commence his wrongful death action within thirty days of the termination of the stay in Langford's Chapter 11 proceeding. In this case, Appellant filed a motion to substitute and revive while the stay was still in place (presumably to preserve the record) although the statute provides for an additional thirty days after the stay is lifted.

In the case of *In re Baird*, 63 B.R. 60 (Bankr. W.D. Ky. 1986), the United States Bankruptcy Court for the Western District of Kentucky addressed the effect of the automatic stay on statutes of limitation. In determining that 11 U.S.C. § 108(c) does not toll the running of a statute of limitations but extends it for thirty days, the Court relied upon the legislative history of that statute as set forth in House Report No. 95-595, § 108, at 318 (1977), which states that:

> SUBSECTION (C) EXTENDS THE STATUTE OF LIMITATIONS FOR CREDITORS. THUS, IF A CREDITOR IS STAYED FROM COMMENCING OR CONTINUING AN ACTION AGAINST THE DEBTOR BECAUSE OF THE BANKRUPTCY CASE, THEN THE CREDITOR IS PERMITTED AN ADDITIONAL 30 DAYS AFTER NOTICE OF THE EVENT BY WHICH THE STAY IS TERMINATED, WHETHER THAT EVENT BE RELIEF FROM THE AUTOMATIC STAY UNDER PROPOSED 11 U.S.C. [§] 362 OR 1301, THE CLOSING OF THE BANKRUPTCY CASE (WHICH TERMINATES THE STAY), OR THE EXCEPTION FROM DISCHARGE OF THE DEBTS ON WHICH THE CREDITOR CLAIMS.

*Hardin County v. Wilkerson*, 255 S.W. 3d 923 (Ky. 2008), relied upon by the trial court in its order of September 13, 2019 denying Appellant's motion to

substitute and revive, is factually distinguishable because it addressed the effect of the stay provided in the Kentucky Insurance Guaranty Association Act upon the time permitted for revival. However, it does contain analysis that is useful in resolving the issue herein.

First, the Court noted that, unlike the stay under consideration in *Hardin*, *supra*, the stay imposed in the United States Bankruptcy Code is "self-executing." It goes into effect upon the filing of the petition for relief, requiring no court action. Second, the Court recognized that the Code employs 11 U.S.C. § 108 not to *toll* the limitations period, but to *extend* it. Thus, in the case at bar, Appellant would have thirty days from the termination of the stay in which to seek substitution and revivor of its claims. As noted in *Raikes*, *supra*, any action taken by the trial court prior to the termination of the stay would have been "void and of no effect." 701 S.W.2d at 144 (citation omitted).

As such, at the time it was filed, the trial court was without authority to act upon the Appellant's motion to substitute and revive. The Court recognizes that the motion was filed in violation of the automatic stay but finds that to be a matter for the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division to resolve. For the purposes of this appeal, the Court finds that the trial court's order of dismissal was prematurely entered as Appellant's motion to substitute and revive was timely filed as a matter of federal law.

Accordingly, we reverse the Madison Circuit Court's order dismissing and remand the matter with instructions for the trial court to grant Appellant's motion to substitute and revive as of the date of filing.

ALL CONCUR.

BRIEF FOR APPELLANT:    NO BRIEF FOR APPELLEES.

Robert E. Salyer
Lexington, Kentucky